IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01321-DME-CBS

JOHN HUNTZ, and
TIFFANY HUNTZ,

      Plaintiffs,

v.

BILL ELDER, as Sheriff of El Paso County Sheriff's Office, and
EL PASO COUNTY SHERIFF'S OFFICE,

      Defendants.

**ORDER ON SUMMARY-JUDGMENT MOTIONS (Docs. 49, 50)**

Plaintiffs Tiffany and John Huntz assert claims under Title VII and the Americans with Disabilities Act ("ADA") against their former employer, Sheriff Bill Elder, sued in his official capacity, and the El Paso County Sheriff's Office (collectively the "Sheriff's Office").[1] Tiffany Huntz asserts two Title VII claims, one alleging a sexually hostile work environment and the other alleging the Sheriff's Office retaliated against her for complaining about her hostile work environment. The Court GRANTS the Sheriff's Office summary judgment (Doc. 50) on both of those claims. In light of this ruling, the Court DENIES as moot Tiffany Huntz's motion for partial summary judgment on the Sheriff's Office's affirmative defense (Doc. 49).

John Huntz also asserts two causes of action, one a Title VII claim alleging the Sheriff's Office retaliated against him because his wife, Tiffany Huntz, complained about

---

[1] It is clear from the pleadings that Plaintiffs have sued Sheriff Elder in his official capacity as head of the El Paso County Sheriff's Office that employed Plaintiffs.

her sexually hostile work environment; and the other an ADA claim alleging that the Sheriff's Office failed to accommodate John Huntz's shoulder impairment.  Because there remain genuinely disputed issues of material fact as to each of these claims, the Court DENIES each side's summary-judgment motions on these claims (Docs. 49, 50). The Court GRANTS John Huntz partial summary judgment (Doc. 49) on two of the Sheriff's Office's affirmative defenses, which contend that John Huntz failed to mitigate his damages and that accommodation of his shoulder impairment would impose an undue hardship on the Sheriff's Office.

**I. Tiffany Huntz's Title VII claim alleging a sexually hostile work environment**

Tiffany Huntz contends that her work environment was hostile because she was being sexually harassed by her second-level supervisor, Commander Rob King.  Tiffany Huntz has failed to show, however, that King undertook any sexual harassment within 300 days of Tiffany Huntz filing a complaint with the Equal Employment Opportunity Commission ("EEOC").  See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002) (applying 42 U.S.C. § 2000e-5(e)(1) to hostile-work-environment claim).

The Court previously denied the Sheriff's Office's motion to dismiss this claim because the EEOC charge was untimely, based on Tiffany Huntz's allegation that, within 300 days of her filing the EEOC charge, King continued sexually harassing Huntz by publicly and falsely accusing her of having a sexual relationship with then-Sheriff Terry Maketa.  But in response to the Sheriff's Office's summary-judgment motion, Tiffany Huntz has failed to assert sufficient evidence from which a jury could find that King took such actions within 300 days of her filing the EEOC charge.

King did file his own Title VII lawsuit against the Sheriff's Office within 300 days of Tiffany Huntz's EEOC charge, and in doing so King alleged that Tiffany Huntz had a sexual relationship with Sheriff Maketa.  But a Title VII claim is available against the employer—here the Sheriff's Office—and not against King personally.  See Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996) (indicating that "statutory liability" under Title VII "is appropriately borne by employers, not individual supervisors").  Tiffany Huntz has failed to establish that King's conduct, in suing the Sheriff's Office, can result in that Office's liability to Tiffany Huntz under Title VII.

Because there are, then, no genuinely disputed issues of fact and the Sheriff's Office is entitled to judgment as a matter of law, the Court grants the Sheriff's Office summary judgment on Tiffany Huntz's hostile-work-environment claim and dismisses that claim with prejudice.

**II. Tiffany Huntz's Title VII retaliation claim**

Tiffany Huntz also contends that, after she complained to the Sheriff's Office about King's harassment, the Sheriff's Office retaliated against her in three ways:  First, she again asserts that King falsely and publicly accused her of having a sexual relationship with then-Sheriff Maketa.  For the same reasons stated above, the Sheriff's Office is entitled to summary judgment on this retaliation claim.

Second, Tiffany Huntz asserted evidence that another of her second-level supervisors, Commander McDonald, a friend of King's, ordered her not to speak to McDonald anymore and he turned away from her whenever he met her in the hallway. That evidence is insufficient to create a genuinely disputed issue of material fact as to

3

whether Commander McDonald's treatment of Tiffany Huntz amounted to retaliation in violation of Title VII. See Johnson v. Weld Cty., 594 F.3d 1202, 1216 (10th Cir. 2010) (holding evidence that both human resources director and plaintiff's direct supervisor "gave her the 'cold shoulder,' sat farther away from her at meetings, became too busy to answer her questions, and generally tried to avoid her" was "insufficient to support a claim of retaliation"). That is particularly true here, where Tiffany Huntz could not identify any specific impact McDonald's directive that she not speak to him had on her ability to do her job.

Third, Tiffany Huntz contends that, while she was off work on leave under the Family Medical Leave Act, Undersheriff Breister, a friend of King's, stated, in a letter notifying Tiffany Huntz that her leave had expired, that upon her return, he would address her performance issues.[2] Although Tiffany Huntz considered Breister's statement to be "a form of harassment and intimidation" (Doc. 46-4 at 167), no jury could find that Breister's statement would dissuade a reasonable person from complaining about sexual harassment. See Burlington N. & Santa Fe Ry Co. v. White, 548 U.S. 53, 68 (2006).

For these reasons, the Court grants the Sheriff's Office summary judgment on all three of Tiffany Huntz's Title VII retaliation claims and dismisses them with prejudice, as well.

---

[2] Contrary to the Sheriff's Office's argument, Tiffany Huntz did exhaust her administrative remedies as to this claim.

4

**III. The Sheriff's Office's affirmative defense to Tiffany Huntz's claims**

Because the Court has now dismissed all of Tiffany Huntz's claims with prejudice, the Court denies as moot her motion for partial summary judgment on the Sheriff's Office's affirmative defense—that Tiffany Huntz failed to mitigate her damages.

**IV. John Huntz's Title VII retaliation claim**

John Huntz claims that the Sheriff's Office retaliated against him, by transferring him from a training position to the midnight shift at the County jail, because of his wife's complaint about King's sexual harassment.  See Thompson v. N. Am. Stainless, LP, 562 U.S. 170 (2011) (recognizing such a Title VII retaliation claim).  A genuinely disputed issue of material fact exists as to whether a transfer to the midnight shift at the jail was materially adverse; that is, whether it might dissuade a reasonable worker (or his wife) from complaining about sexual harassment.  See White, 548 U.S. at 68.  There is also a genuinely disputed issue of material fact as to whether Tiffany Huntz's complaint about King's sexual harassment caused the Sheriff's Office to transfer John Huntz to the midnight shift at the jail, in light of the fact that only two weeks passed between Commander King's return from administrative leave, after Sheriff Elder took office, and the transfer.  See Wells v. Colo. Dep't of Transp., 325 F.3d 1205, 1216-17 (10th Cir. 2003).  In light of these genuinely disputed issues of material fact, the Court denies the Sheriff's Office summary judgment on John Huntz's Title VII retaliation claim.

**V.  John Huntz's ADA claim**

John Huntz also contends that the Sheriff's Office failed to grant his request for a reasonable accommodation of his shoulder impairment, one month's unpaid leave to

5

recover from shoulder surgery.  The Court denies the parties' cross-motions for summary judgment on this claim because there remains a genuinely disputed issue of material fact as to whether, notwithstanding his shoulder impairment, John Huntz was otherwise qualified for his position, see Punt v. Kelly Servs., 862 F.3d 1040, 1050 (10th Cir. 2017), in light of several mental conditions for which he was being treated at the same time.

**VI. The Sheriff's Office's affirmative defenses to John Huntz's claims**

The Court grants John Huntz summary judgment on two of the Sheriff's Office's affirmative defenses.  The Sheriff's Office did not present sufficient evidence to create a triable issue of fact as to whether John Huntz failed to mitigate his damages.  And the Sheriff's Office's second affirmative defense—that reasonably accommodating John Huntz's mental disabilities would have imposed an undue hardship on the Sheriff's Office—is not responsive to John Huntz's ADA claim alleging that the Sheriff's Office failed to accommodate his shoulder impairment.[3]

**VII.  The Sheriff's Office's motions to restrict public access to its summary-judgment materials**

The Court grants the Sheriff's Office's motions for a Level 1 restriction from public access to a small portion of its summary-judgment materials, Doc. 47 as modified by Doc. 67, and Doc. 69.  See D.C.COLO.LCivR 7.2(b) (Level 1 restrictions limit access to the parties and the court).

---

[3] The Court will, by separate order, refer to the magistrate judge the Sheriff's Office's motion to amend its answer to include this affirmative defense (Doc. 72), a motion which John Huntz opposes.

Furthermore, although the Sheriff's Office initially filed its response opposing the Huntzes's summary-judgment motion under restriction (Doc. 56), the Sheriff's Office never filed a motion to have that response restricted from public access. In light of that, the original restriction is now lifted and Document 56 will be available to the public. See D.C.COLO.LCivR 7.2(e).

As a housekeeping matter, the Court notes that Plaintiffs have withdrawn their own motion to restrict public access to some of their summary-judgment materials, Doc. 44 (see Doc. 65 at 3).

**VIII. Conclusion**

For the foregoing reasons, the Court GRANTS in part and DENIES in part the parties' summary-judgment motions (Docs. 49, 50), leaving for further proceedings John Huntz's Title VII retaliation and ADA failure-to-accommodate claims. More specifically, the Court:

- GRANTS the Sheriff's Office summary judgment on both of Tiffany Huntz's Title VII claims and DISMISSES those claims with prejudice;

- DENIES the Sheriff's Office summary judgment on John Huntz's Title VII and ADA claims;

- DENIES John Huntz summary judgment on his ADA claim;

- DENIES as MOOT Tiffany Huntz motion for partial summary judgment on the Sheriff's Office's affirmative defense that she failed to mitigate her damages; and

- GRANTS John Huntz summary judgment on the Sheriff's Office's affirmative defenses that he failed to mitigate his damages and accommodating his shoulder impairment would impose an undue hardship on the Sheriff's Office.

Regarding the parties' motions to restrict public access to their summary-judgment materials, the Court

- notes that the Huntzes have WITHDRAWN Document 44; and

- GRANTS the Sheriff's Office's motions (Doc. 47, as modified by Doc. 67, and Doc. 69).

The restriction from public access is lifted as to Document 56.

Dated this __7th__ day of ____September____, 2017.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE